# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL D. HAWK,

                    Petitioner,

                                                Case No. 07-C-1032

          -vs-

STATE OF WISCONSIN,
OUTAGAMIE COUNTY,

                    Respondent.

# DECISION AND ORDER

This matter comes before the Court for an initial Rule 4 review of Daniel Hawk's ("Hawk") petition for a writ of habeas corpus. Hawk's petition is invalid on its face and must be re-filed, for the reasons that follow.

In this judicial district, habeas petitions must be submitted on the appropriate form supplied by the Clerk of Court. Civil L.R. 9.1; http://www.wied.uscourts.gov/2254Form.pdf. Hawk used the correct form, but he only completed pages one, six, seven, eight, and twelve. More problematic is the fact that the remaining pages are completely missing. Even if Hawk does not have relevant information to put on those pages, they still should be included in his filing with the Court. If Hawk does not have relevant information to place in a particular section, he should so state.

In the papers Hawk did submit to the Court, Hawk attempts to raise the grounds he raised in Case No. 05-C-273. Hawk's petition does not enumerate those previously-filed

claims. Rather, Hawk attempts to incorporate them by reference. A quick glance at the petition filed in Case No. 05-C-273 reveals that Hawk raised *fifteen claims* in that petition. Judge Lynn Adelman dismissed the petition in Case No. 05-C-273 without prejudice because Hawk failed to exhaust his administrative remedies.

The rationale behind the use of standard forms in habeas litigation is that it directs the petitioner to include the information necessary for the Court to conduct an initial review of the petition. *See* Rule 4 of the Rules Governing Section 2254 Cases; Rule 4 of the Rules Governing Section 2255 Cases. In this case, Hawk's failure to follow the appropriate format is highlighted by the fact that his prior petition was dismissed because of his failure to exhaust administrative remedies. Without *complete* information on the *entire* form, the Court has absolutely no way of determining whether Hawk exhausted his administrative remedies.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1.     Hawk must re-submit his petition for a writ of habeas corpus on the appropriate form, http://www.wied.uscourts.gov/2254Form.pdf. The Clerk of Court will provide Hawk with a copy of this form. **All** of the pages of the form must be **completely** filled-out. Hawk **cannot** incorporate his claims in the prior case (Case No. 05-C-573) by reference.

2.     **All** of the pages of the completed form must be filed with the Court on or before **December 21, 2007**. The Court will conduct an initial review of the re-filed petition at that time.

-2-

3.     If Hawk fails to comply with the above-stated requirements in a timely manner, this petition will be dismissed for want of prosecution.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2007.

**SO ORDERED,**


**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**